IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-10244
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHARLES COOPER BURGESS

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:05-CR-158-ALL
No. 3:05-CR-220-1

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Charles Cooper Burgess appeals following his guilty plea convictions for mail fraud and aiding and abetting bank fraud. Burgess argues that the district court abused its discretion when it denied his motion to withdraw his guilty plea and failed to hold an evidentiary hearing.

In determining whether a district court has abused its discretion in denying a motion withdraw a guilty plea, this court considers a number of

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factors, including assertions of innocence, delay in moving to withdraw, the availability of close assistance of counsel, and the voluntariness of the plea. See United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984).

Burgess argues that, because his attorney severely underestimated his likely sentence, his guilty plea was involuntary and he was denied the close assistance of counsel. Burgess's contentions are belied by his "solemn declarations in open court" that he understood his maximum possible sentence and that he should not rely on any promises of a particular sentence. Blackledge v. Allison, 431 U.S. 63, 74 (1977); see James v. Cain, 56 F.3d 662, 666 (5th Cir. 1995). Burgess also has not shown that his substantial delay in moving to withdraw his plea and his unsupported assertion of innocence weigh in favor of allowing withdrawal. See Carr, 740 F.2d at 344-45.

Burgess has not established that the district court abused its discretion in denying his motion to withdraw. See United States v. Powell, 354 F.3d 362, 370 (5th Cir. 2003). Because Burgess has not "allege[d] sufficient facts which, if proven, would justify relief," the district court also did not abuse its discretion in failing to hold an evidentiary hearing on Burgess's motion to withdraw his plea. See id.

AFFIRMED.